UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>             Plaintiff,<br><br>      v.<br><br>JENNIFER P. SHAFFER,<br><br>             Defendant. | No.  2:14-cv-3010-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, he seeks leave to proceed in forma pauperis.

**I.      Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

**II.      Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

**III.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed. Plaintiff alleges that he received his first and only parole suitability hearing on March 11, 2009. Apparently, the Board did not find plaintiff suitable for parole and deferred his next hearing by fifteen years pursuant to Proposition 9, also known as Marsy's Law. Allegedly, the Board in 2014 admitted to miscalculating plaintiff's minimum eligible parole date. Plaintiff claims that the corrected date would have entitled plaintiff to a parole suitability hearing as early as September 2008, when the maximum deferral period would have only been two years (as opposed to fifteen under Marsy's Law).

Plaintiff names as the sole defendant Jennifer P. Shaffer, the Executive Chair of the California Parole Board. He seeks one million dollars for each year that he has been incarcerated beyond his minimum eligible parole date.

As discussed below, plaintiff's allegations are insufficient to state a claim for monetary damages against defendant in either her official or individual capacity. Moreover, any claim for equitable relief would be barred by either *Heck v. Humphrey*, 512 U.S. 477 (1994), or the pending class action in *Gilman v. Davis*, No. Civ. S-05-830-LKK-GGH.

The Eleventh Amendment bars plaintiff's claims for damages against defendant in her official capacity. Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979).

Defendant is also immune from damages in her individual capacity. Parole board officials are entitled to absolute quasi-judicial immunity for decisions to "grant, deny, or revoke parole," which are "functionally comparable to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (internal quotation marks omitted); *id.* at 1191 ("[A]n official who

/////

adjudicates parole decisions is entitled to quasi-judicial immunity for those decisions, and actions integral to those decisions.").

Plaintiff claims he has been "unlawfully" confined beyond his minimum eligible parole date. To the extent he believes he is entitled to release from custody on this basis, or similar equitable relief, his claim would be barred by *Heck*. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Plaintiff's failure to do so in the instant case precludes him from collaterally challenging the duration of his confinement in this civil rights action.

Additionally, plaintiff may not bring an individual suit seeking equitable relief within the same subject matter of the class action in *Gilman*. Gilman is a class action challenging Proposition 9 as violating the Ex Post Facto Clause. The class in *Gilman* is comprised of California state prisoners who: (i) have been sentenced to a term that includes life for an offense that occurred before November 4, 2008; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions. *Gilman v. Davis*, No. Civ. S-05-830-LKK-GGH, 2009 U.S. Dist. LEXIS 21614 (E.D. Cal. Mar. 4, 2009), *aff'd* 2010 U.S. App. LEXIS 11319 (9th Cir. June 3, 2010); *Gilman*, 2011 U.S. Dist. LEXIS 105363 (E.D. Cal. Apr. 22, 2011) (order amending definition of certified class). The *Gilman* plaintiffs seek declaratory and injunctive relief to cure the alleged violations. *Gilman*, 2009 U.S. Dist. LEXIS 21614, at *7.

A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. *See Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable

relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

Accepting plaintiff's allegations as true, he is a member of the *Gilman* class and his complaint involves the same subject matter as the class action. As a member of the *Gilman* class, plaintiff must bring any "[c]laims for equitable relief . . . through the class representative until the class action is over or the consent decree is modified." *McNeil*, 945 F.2d at 1166; *Frost v. Symington*, 197 F.3d 348, 359 (9th Cir. 1999) (inmate must bring equitable claims related to class action through class counsel); *Crawford*, 599 F.2d at 892-93. *See also Rodgers v. Swarthout*, No. Civ. S. 10-0581 JAM GGH P, 2010 U.S. Dist. LEXIS 87013 (E.D. Cal. Aug 24, 2010) (striking petitioner's claims regarding Marsy's Law and parole eligibility, without prejudice to resolution in the *Gilman* class action).

Because plaintiff seeks monetary relief from a defendant who is immune from such relief and because a request for equitable relief would be futile, this action must be dismissed without leave to amend. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**IV.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 3) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

/////

3. The complaint is dismissed and the Clerk is directed to close this case.

DATED: April 28, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE